## LOEWER v. NEW YORK TAXICAB CO.

### (Supreme Court, Appellate Term.   March 5, 1909.)

COURTS (§ 190*)—COSTS (§ 214*)—EXCESSIVENESS—REMEDY.

Where, on dismissal in the Municipal Court, costs were improperly taxed against plaintiff, his remedy is by motion for retaxation, as authorized by Municipal Court Act (Laws 1902, p. 1589, c. 580) § 342, and not by appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Costs, Dec. Dig. § 214.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Jacob Loewer against the New York Taxicab Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Paskus, Cohen, Lavelle & Gordon, for appellant.

Lewis D. Mooney, for respondent.

MacLEAN, J. The plaintiff began this action with a summons, claiming damages of $50 to personal property—his automobile—by a taxicab. After partially examining his client, the plaintiff's counsel moved to amend by reducing the amount to $22 and changing the indorsement on the summons to negligence. This was granted. After examination of the plaintiff further, and another witness, both prolonged and unsatisfactory, counsel asked to be allowed to discontinue. Leave therefor was granted, and judgment rendered, according to section 248, Municipal Court Act (Laws 1902, p. 1561, c. 580), "dismissing the complaint without prejudice to a new action, and for costs," which latter were taxed at $12.67. The appellant objects to these costs altogether, and says that in any event they are too much.

For his plight, his remedy, if remedy he had, was offered by section 342, providing:

"A taxation may be reviewed by a justice sitting in the district court within five days after the entry of the judgment upon two days' notice. * * *

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Unless such review is asked for, such taxation shall not be thereafter questioned on appeal."

The last sentence was adopted into this section by paraphrase from much older law and practice. So it was ruled long since:

"Although the respondent may have charged too much costs, the remedy for that is by motion in the court below." Dresser v. Brooks, 2 N. Y. 561.

That was over half a century ago. There are other rulings of the same tenor, both apt and earlier; also later. The decisions cited by the appellant are not in point. The judgment may not now be disturbed.

Judgment affirmed, with costs. All concur.